# Exhibit 2

| | |
|---|---|
| **From:** | Porter, Andrew |
| **To:** | Jeremy.Craft@mt.gov; Jason.Johnson@mt.gov; MBucy2@mt.gov |
| **Cc:** | Sterling, Joshua; Havemann, Will; Mainland, Grant; Garcia, Kelly |
| **Subject:** | RE: Kalshi |
| **Date:** | Sunday, April 12, 2026 2:17:36 PM |
| **Attachments:** | MT Letter to Kalshi.pdf |

Mr. Craft,

We represent KalshiEX, LLC ("Kalshi").  Yesterday, April 11, 2026, we received a copy of your April 6, 2026 letter by mail.  We were surprised by your characterization of the prior agreement between Kalshi and the GDC, and your renewed call for Kalshi to cease and desist its operations in Montana.  As reflected in the email chain below from April 2025, the parties' agreement was that Montana would "defer any enforcement pending the outcome of the proceedings before Chief Judge Gordon in Nevada and any appeal to the Ninth Circuit." Proceedings in that action are still ongoing, and as you may be aware the Ninth Circuit is scheduled to hear argument in the matter this coming Thursday, April 16, 2026.

Nevertheless, we understand your letter to be a statement that the GDC views our prior agreement as no longer in effect.  If that is not the case, ***we would appreciate you clarifying the GDC's position immediately, and in all instances by 8 p.m. MT this evening***.

Kalshi takes seriously its status as a federally regulated Designated Contract Market ("DCM") that operates pursuant to the Commodity Exchange Act ("CEA") and under the exclusive jurisdiction of the Commodity Futures Trading Commission.  As you may be aware, in the last week the Third Circuit ruled that the CEA preempts state gambling law as applied to Kalshi, and the District of Arizona issued a temporary restraining order barring officials in that state from enforcing state gambling laws against DCMs, again finding that the CEA preempted state law.  *See KalshiEX, LLC v. Flaherty*, — F.4th —, 2026 WL 924004 (3d Cir. Apr. 6, 2026); *KalshiEX, LLC v. Johnson*, No. 26-01715-PHX-MTL, ECF No. 65 (D. Az. Apr. 10, 2026).

As was the case when we came to our agreement last year, Kalshi has no interest in pursuing unnecessary litigation, and it is our desire to avoid unnecessary litigation with the GDC.  While your letter included a threat of legal action against Kalshi, we appreciate that it concluded with an invitation for a dialogue.  We would appreciate the opportunity to engage in that dialogue with you, provided that the GDC provide a guarantee of non-enforcement while we do so.  We have engaged in productive discussions with a number of other states in similar circumstances, appreciated the constructive dialogue we were able to have last year, and hope we can continue the dialogue in that spirit.

I am available to speak at any time for the rest of the day.  Please call me directly at your convenience at 212-530-5361.

Kalshi reserves all rights.

Best,

Andrew

Andrew Porter | Milbank | Partner
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5361
APorter@milbank.com | milbank.com

---

**From:** Craft, Jeremy <Jeremy.Craft@mt.gov>
**Sent:** Wednesday, April 16, 2025 1:14 PM
**To:** Havemann, Will <whavemann@milbank.com>; Johnson, Jason <Jason.Johnson@mt.gov>; Bucy, Melina <MBucy2@mt.gov>
**Cc:** Sterling, Josh <jsterling@milbank.com>; Grewal, Gurbir <ggrewal@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Andrew Cook <andrew.cook@orrick.com>
**Subject:** [EXT] RE: Kalshi

Hello,

We concur with your understanding, except to add that Montana considers the 20-day deadline to request an administrative hearing pursuant to Administrative Rule of Montana 23.16.3002(2) tolled for the duration of the Nevada District Court proceedings before Chief Judge Gordon and any appeal to the Ninth Circuit.

**JEREMY S. CRAFT**
Montana Department of Justice
(406) 444-1951
jeremy.craft@mt.gov

---

**From:** Havemann, Will <whavemann@milbank.com>
**Sent:** Friday, April 11, 2025 11:13 AM
**To:** Johnson, Jason <Jason.Johnson@mt.gov>; Craft, Jeremy <Jeremy.Craft@mt.gov>; Bucy, Melina <MBucy2@mt.gov>
**Cc:** Sterling, Josh <jsterling@milbank.com>; Grewal, Gurbir <ggrewal@milbank.com>; Baum, Rosa <rbaum@milbank.com>; Andrew Cook <andrew.cook@orrick.com>
**Subject:** [EXTERNAL] Kalshi

Jeremy, Jason, and Melina:

Thank you for meeting with us this morning and for the productive conversation.  I'm memorializing here my understanding of the agreement we reached.

We understand that the Montana authorities agree to preserve the status quo and not initiate

any civil or criminal enforcement against Kalshi during the pendency of the Nevada litigation in which Kalshi obtained a preliminary injunction earlier this week.  See *KalshiEX LLC v. Hendrick, et al.*, No. 2:25-cv-00575-APG (D. Nev.).  We understand that you will not withdraw the cease-and-desist letter, but that your agreement to await the outcome of the Nevada proceedings means that Kalshi will not incur liability or other prejudice for continuing to offer event contracts in Montana in the meantime.  We understand that you intend to defer any enforcement pending the outcome of the proceedings before Chief Judge Gordon in Nevada and any appeal to the Ninth Circuit.  We further understand that when those proceedings conclude, Montana authorities will provide Kalshi with reasonable notice before attempting to commence any civil or criminal enforcement action.

Please confirm that this comports with your understanding of our discussion.  Assuming you agree, this would avoid the need for any parallel emergency proceedings related to Montana, which would avoid imposing an unnecessary burden on you and on a court.

Thanks again,
Will

Will Havemann | Milbank | Partner
1850 K Street, NW, Suite 1100 | Washington D.C. 20006
T: +1 202.835.7518
whavemann@milbank.com | milbank.com [milbank.com]

===================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor. ===================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.