Case 6:26-cv-00028-JTJ    Document 7-5    Filed 04/21/26    Page 1 of 4

# Exhibit 3



**AUSTIN KNUDSEN**                    STATE OF MONTANA

April 6, 2026

KalshiEX, LLC                            Grant R. Mainland
c/o The Corporation Trust Company         Milbank LLP
1209 Orange Street                        55 Hudson Yards
Wilmington, DE 19801                      New York, NY 10001

**Re:  Order to Cease and Desist Illegal Gambling Activities in Montana**

Ladies and Gentlemen:

The Gambling Control Division of the Montana Department of Justice (the "GCD") is tasked with administration and enforcement of Montana laws pertaining to gambling. The GCD has conducted an investigation into KalshiEX, LLC's ("Kalshi") activities in the State of Montana, and in considering the results of that investigation concludes that those activities constitute illegal gambling within the meaning of Montana law. The GCD and Kalshi had previously agreed that the GCD would refrain from enforcing Montana law against Kalshi based on a preliminary injunction issued in *Kalshiex, LLC v. Hendrick, et al.*, Case No. 2:25-cv-575-APG-BNW (Doc. 45.) The preliminary injunction has since been dissolved (Doc. 237). Accordingly, the GCD again calls upon Kalshi to cease and desist its illegal activities within the State of Montana.

Montana Code Annotated ("MCA") § 23-5-157 prohibits all forms of public gambling in Montana unless specifically authorized by statute. MCA § 23-5-112(14)(a) defines "gambling" as "risking any money, credit, deposit, check, property, or other thing of value for a gain that is contingent in whole or in part upon lot, chance, or the operation of a gambling device or gambling enterprise." A "gambling enterprise" is "an activity, scheme, or agreement or an attempted activity, scheme, or agreement to provide gambling or a gambling device to the public." MCA § 23-5-112(16). There are illegal gambling enterprises pursuant to MCA § 23-5-112(22). Internet gambling, i.e., gambling through the use of

DEPARTMENT OF JUSTICE
GAMBLING CONTROL DIVISION

320 N Roberts Street, 3rd Floor          (406) 444-1951
P.O. Box 201430                          gcd@mt.gov
Helena. MT 59620-1430                    mtdoj.gov/gaming

2

KalshiEX, LLC
April 6, 2026

communications technology that allows a person using money to transmit to a computer information to assist in the placing of a bet and corresponding information related to the display of the game, is a type of illegal gambling enterprise by definition. MCA §§ 23-5-112(22)(d), (23)(a).

MCA § 23-5-152(b) criminalizes operating an illegal gambling enterprise, and MCA § 23-5-154 criminalizes soliciting participation in illegal gambling activity. Montana law authorizes the Montana Department of Justice to investigate gambling activities in Montana, order a cease and desist of activities violating Montana gambling laws, and seek a permanent injunction on illegal gambling activity through an administrative proceeding or the courts. MCA §§ 23-5-113, -136. Additionally, the department may refer illegal gambling activity for prosecution. MCA § 23-5-113.

The aforementioned GCD investigation has determined that Kalshi's "event contracts" are gambling within the meaning of MCA § 23-5-112(14)(a) because participants risk money or other things of value for a gain that is contingent in whole or in part upon lot, chance, or the operation of a gambling enterprise. Kalshi does not have a Montana gambling license, and yet allows people located within Montana to place bets in its "event contract" program.

Furthermore, Kalshi "event contracts" pertaining to sporting events violate Montana laws on sports wagering. MCA § 23-7-103(7)(a) defines "sports wagering" as "accepting wagers on sporting events or portions of sporting events, or on the individual performance statistics of athletes in a sporting event or combination of sporting events, by any system or method of wagering, including but not limited to in-person or over the internet through websites and on mobile devices." MCA § 23-7-103(13)(a) defines "wager" and "bet" as "the staking or risking by a person of something of value upon an agreement or understanding that the person or another person will receive something of value in the event of a certain outcome." Selling "event contracts" contingent on the outcome of a sporting event is thus "sports wagering." Sports wagering in Montana is legal when the operator is properly licensed by the State of Montana. Kalshi does not hold a Montana sports wagering license. Its activities in this regard are therefore illegal.

The GCD thus has probable cause to conclude that Kalshi's offering of "event contracts" constitutes illegal gambling and illegal sports wagering pursuant to Montana law.

3

KalshiEX, LLC
April 6, 2026

In a case where the GCD is able to establish probable cause that a gambling activity not authorized by statute is taking place or that a gambling enterprise not authorized by statute is bing made available to the public, the GCD must presume that such activity or enterprise is illegal. Administrative Rule of Montana ("ARM") 23.16.3001(1). In cases where the GCD has presumed the existence of an illegal gambling activity or enterprise, as it has done here, the GCD may issue an order to cease and desist from the gambling activity or enterprise. ARM 23.16.3002(1).

It is the GCD's goal to obtain voluntary compliance with Montana gambling laws and regulations. To that end, we have issued this order to cease and desist to draw your attention to this matter rather than immediately proceeding with more direct enforcement actions. We appreciate your attention to this matter and expect you will voluntarily comply. Refusal to do so will result in legal action against KalshiEX, LLC. Please feel free to contact me if you have any questions or concerns.

Sincerely,

JEREMY S. CRAFT
Chief Legal Counsel
Montana Department of Justice
Gambling Control Division
Jeremy.Craft@mt.gov