# Exhibit 4

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | | |
|---|---|---|
| KalshiEX LLC, | ) | |
| | ) | No.  2:26-cv-01715-MTL |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | April 10, 2026 |
| Jackie Johnson, et al., | ) | 2:10 p.m. |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**BEFORE:  THE HONORABLE MICHAEL T. LIBURDI, JUDGE**

**<u>REPORTER'S TRANSCRIPT OF PROCEEDINGS</u>**

**<u>MOTION HEARING</u>**

Official Court Reporter:
Jennifer A. Pancratz, RMR, CRR, FCRR, CRC
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 42
Phoenix, Arizona 85003-2151
(602) 322-7198

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

**A P P E A R A N C E S**

For the Plaintiff KalshiEX:
     SNELL & WILMER
     By:   Adam E. Lang, Esq.
            Matthew L. Jarvey, Esq.
            Taryn J. Gallup, Esq.
     One East Washington Street, Suite 2700
     Phoenix, AZ 85004

     MILBANK, LLP
     By:   William E. Havemann, Esq. (Telephonic)
            Colleen E. Roh Sinzdak, Esq. (Telephonic)
     1101 New York Avenue NW
     Washington, DC 20005

     MILBANK, LLP
     By:   Matthew J. Laroche, Esq. (Telephonic)
     55 Hudson Yards
     New York, NY 10001

For the Consolidated Plaintiff United States of America
     UNITED STATES DEPARTMENT OF JUSTICE
     By:   Tiberius T. Davis, Esq. (Telephonic)
     950 Pennsylvania Avenue NW
     Washington, DC 20530

For the Consolidated Plaintiff CFTC:
     COMMODITY FUTURES TRADING COMMISSION
     By:   Martin Jordan Minot, Esq.
            Anne Whitford Stukes, Esq. (Telephonic)
            Tyler S. Badgley, Esq. (Telephonic)
     Three Lafayette Center
     1155 21st Street NW
     Washington, DC 20581

     COMMODITY FUTURES TRADING COMMISSION
     By:   Carlin Metzger, Esq.
     77 West Jackson Boulevard, Suite 800
     Chicago, IL 60604

For the Intervenor Plaintiff North American Derivatives
Exchange, Inc., d/b/a Crypto.com, Derivatives North America:
     KERCSMAR & O'HARA PLLC
     By:   Sean J. O'Hara, Esq.
     8800 East Raintree Drive, Suite 310
     Scottsdale, AZ 85260

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
By:   Robert A. Fumerton, Esq. (Telephonic)
        (Pro hac vice forthcoming)
      One Manhattan West
      New York, NY 10001

For the Defendants Jackie Johnson, et al.:
    OFFICE OF THE ATTORNEY GENERAL
    By:   Joshua David R. Bendor, Esq.
          William Y. Durbin, Esq.
          Nicholas Klingerman, Esq.
          Joshua A. Katz, Esq.
    2005 North Central Avenue
    Phoenix, AZ 85004

Also Present:

    Dina Anagnopoulos, Esq.
    U.S. Attorney's Office
    (For the United States)

    Dennis Carpenter, Esq.
    (General Counsel for Maricopa County Superior Court)

    Eric Dahlstrom, Esq. (Telephonic)
    (For Tribal Amici)

UNITED STATES DISTRICT COURT

expressed its agreement with the CFTC's licensure of Kalshi, Crypto.com, et cetera?

MR. MINOT: I'm not aware of one, Your Honor, but again, if they agree with the -- or if they would not like to interfere with the federal regulatory scheme, one would assume that they would just do nothing rather than -- there's no approval process that needs to take place in a state for the federal government to implement a regulatory scheme set out in the CEA.

THE COURT: And I ask because I'm curious to know how it would affect the CFTC's function if states were to take various different positions on whether an event contract is regulated by state law, whatever that law may be, that gaming law, et cetera. If one state takes a position, another state could take maybe a different position to a degree. Another state could take no position. Another state could agree with the CFTC.

MR. MINOT: That's exactly right, Your Honor, and the problem there is that we would have 50 state regulations that all have different interpretations of what a swap is or is not under the state law -- under federal law, which is more properly the reserve of this Court and of the federal regulator.

And again, the CFTC is not equipped, nor are our regulated entities, nor the market participants, to go and

comply and try and figure out how those state regulations fit with the CEA.

And I'll point out, Your Honor, that this is more solidly in the CFTC's wheelhouse. These are mechanisms that look like any other derivative or swap that's been listed on our DCMs for decades, and they just happen to be about different events.

And we are not seeking to invade Arizona or any other state's long-standing gambling regulations. Those still apply as always to regular casino gambling, those sorts of games and sports books. The CFTC is not seeking to regulate those entities, has not sought to regulate those entities. Instead, it's Arizona and other states, but Arizona has been the most active about this, that are seeking to regulate these new markets that are using existing rules in perhaps different sorts of events.

THE COURT: Okay.

MR. MINOT: I also want to briefly talk about the standing issue, Your Honor. We think -- we think that it's -- that it's, again, a fairly straightforward issue that the CFTC and the United States have standing to press this issue. We put it in our motion as a precaution, but we don't think that anything in Arizona's supplemental brief attacks that assumption.

We cited many times in our motion and in our

C E R T I F I C A T E

I, JENNIFER A. PANCRATZ, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 14th day of April, 2026.

s/Jennifer A. Pancratz_____
Jennifer A. Pancratz, RMR, CRR, FCRR, CRC