IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KALSHIEX LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>AUSTIN KNUDSEN, in his official capacity as Attorney General of Montana; *et al.*,<br><br>Defendants. | CV 26–28–H–DWM<br><br>ORDER |

On April 12, 2026, Plaintiff KalshiEX, LLC ("Kalshi") sued several Montana State Defendants, alleging the State "intru[ded] into the federal government's exclusive authority to regulate derivatives trading on exchanges overseen by the Commodity Futures Trading Commission" and seeking declaratory relief and preliminary and permanent injunctive relief. (Doc. 1 at 1, 42.) Nine days after filing its complaint, Kalshi filed a motion for a preliminary injunction. (Doc. 6.) But on that same day, the parties jointly filed their first stipulated motion to stay the case deadlines. (Doc. 8.) A stay was granted on April 22, 2026, with a status update required by June 22, 2026. (Doc. 9.) On June 19, 2026, the parties moved for another sixty-day stay of all case deadlines, (Doc. 30), which was granted on June 22, 2026, (Doc. 31). The parties were ordered to

provide a status update on or before August 21, 2026. (*Id.*) On August 21, 2026, the parties filed a third stipulated motion to stay the case deadlines. (Doc. 32.) The parties did not provide a status update nor make any good cause showing why a third stay should be granted, stating only that the parties "have conferred and believe a further continuation of the stay is appropriate." (*Id.*)

Under the Federal Rules of Civil Procedure, a motion for a court order must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(C). Because the parties did not provide any reason in the present motion for why the action should be stayed, nor was such a reason stated in either of the parties' two prior requests, (Docs. 8, 30), the parties have not shown good cause to further stay the case. Therefore, the joint motion, (Doc. 32), is denied and the stay is lifted. The State must answer or otherwise respond to Kalshi's complaint, and a preliminary pretrial conference will be set by separate order.

All the while, Kalshi's April 21, 2026 motion for a preliminary injunction, (Doc. 6), has remained pending. For a preliminary injunction to be granted, the movant must establish (1) it is likely to succeed on the merits of its claim, (2) it is likely to suffer irreparable harm absent the preliminary injunction, (3) the balance of equities tips in the movant's favor, and (4) a preliminary injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). While "[i]t is well-established that the first factor is especially important when a

plaintiff alleges a constitutional violation and injury[,]" as Kalshi alleges here, when one element of the *Winter* test has not been satisfied, the remaining elements need not be addressed. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023); *see Winter*, 555 U.S. at 23–24 (finding it unnecessary to address plaintiff's alleged irreparable harm when any such injury would be outweighed by the public interest). Such is the case here. Under *Winter*, a plaintiff must show that irreparable harm is not just possible but is likely. *See* 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). Kalshi's repeated agreement to stay this matter for months at a time fatally undermines its ability to make such a showing on the current record here. As a result, Kalshi's motion for preliminary injunction, (Doc. 6), is denied without prejudice.

## CONCLUSION

Accordingly, IT IS ORDERED that the parties' stipulated motion to extend the stay, (Doc. 32), is DENIED. The STAY is LIFTED and the State must answer or otherwise respond to Kalshi's complaint within twenty-one (21) days of this Order. No extensions of time will be granted.

IT IS FURTHER ORDERED that Kalshi's motion for a preliminary

injunction, (Doc. 6), is DENIED WITHOUT PREJUDICE.

DATED this 27th day of August, 2026.

Donald W. Molloy, District Judge
United States District Court